Pennington, J.
Said he very well recollected how the case stood. That at the last term the writ and return were found on the files; but when the cause was called up, it was discovered that either from the want of a seal, or some other informality, the return was insufficient. The court then gave permission to the attorney for the plaintiff, as a matter of indulgence, and to save delay and vexation, informally to take the writ and return off the files, in order to amend the return; and under an expectation that it would have been perfected and returned in a few minutes, as it might have been. It seems, however, that nothing more was done the last term.
Kierpatrick, C. J.
After consulting the other judges, said, that the court could not order an argument under the circumstances of the case; but the plaintiff might take a two day rule on the defendant, to show cause why the writ and return should not be filed, which was accordingly done, and on the expiration of the rule, Mr. Halsey, and the counsel associated with him, showed cause: — 1 st. That these papers were to be considered as never having been before the court. That six terms had elapsed since the writ had issued. That the parties had been in and of court several times. That the great delay had caused expense and [405] vexation, which rendered it necessary the prosecutors be known on the record, to answer the costs. That the prosecutors ought to appear on the record as relators, as well to *128 answer costs, ás to show who were actually concerned in interest, in order to shut out improper and interested witnesses. That a stranger in interest could not prosecute a writ in the name of the State, at his will and pleasure; it ■does not appear that this writ is prosecuted by any authority. That in case the court refused to make the rule absolute, the prosecutors, whoever they are, if they have [*] real cause for it, may move the court for the allowance of a new writ, when they can be compelled to appear as prosecutors in the suit, and be answerable for costs. That the court had a broad discretion in this case, and ought to exercise it to protect a public undertaking, and prevent a vexatious proceeding, tending to a public mischief.
Mr. I. TI. Williamson and A. Ogden, for the plaintiff,
said, that this was a most extraordinary attempt of the counsel for the defendant. That a court, after issuing a writ, would not refuse to permit that writ to be filed with the proper return made to it. That it was taken off of the files by the consent of the court, for the purpose of perfecting the return, and being filed anew. That it was the constant practice to suffer writs of certiorari to be filed several terms after the time of issuing of them. That there was no rule of court against it. That as to the prosecutors appearing on the record, this, if proper, should have been attended to on the motion for the allowance of the writ; that the allowance of the writ settles that question.
Kirkpatrick, C. J.
Delivered the opinion of the court. That the plaintiff be permitted to file the writ and return, as of this present term, on condition, that the names of the prosecutor be indorsed on the writ.[1]

 The cause has not been proceeded in since.